UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.                                               CASE NO. 8:97-cr-4-T-26

ABRAHAM FIDALGO

**UNITED STATES OF AMERICA'S OPPOSITION TO
DEFENDANT'S MOTION FOR COMPASSIONATE RELEASE**

The United States opposes Abraham Fidalgo's motion for compassionate release, Doc. 372. Defendant's motion seeks compassionate release based on Section 403 of the First Step Act of 2018, which lowered the statutory mandatory-minimum consecutive penalty for violations of 18 U.S.C. § 924(c) after the date of the Act.

Congress expressly declined to extend the benefit of its section 924(c) amendment to defendants, like Fidalgo, who were sentenced before the Act was passed. Additionally, Fidalgo was convicted of only a single violation of § 924(c) and thus the change would be irrelevant to Fidalgo even if it were extended retroactively.

Fidalgo acknowledges that the amendment does not apply directly to his case, but suggests that the changing legal landscape constitutes an extraordinary and compelling circumstance, because it suggests (though does

not mandate) that he would receive a lighter sentence if he were sentenced today.

First, the Court's upward variance based on the brutality of Fidalgo's crime calls into question whether the Court would have imposed a lighter sentence in a different statutory context. Second, and more importantly, the speculative sentencing disparity is not an extraordinary and compelling reason that would authorize the Court to alter his sentence. Because Fidalgo presents no extraordinary and compelling reason to grant compassionate release, there are no grounds on which the Court may lower his sentence.

## I. Background

In 1996, Fidalgo and others burglarized a pawnshop, stealing approximately 55 firearms. PSR ¶ 7. Fidalgo and others planned to use the firearms in a bank robbery, for which Fidalgo recruited a 15-year old child to participate. PSR ¶¶ 7, 10. Fidalgo and the others brought a total of nine firearms to the bank robbery. PSR ¶ 15. During the robbery, Fidalgo forced bank employees, at gunpoint, into the vault area, forced an employee to open the vault, and fired his weapon when the employee struggled to do so. PSR ¶ 14. After the robbers took approximately $98,000, Fidalgo told the employees that he knew where they lived and who their families were, and that he would harm them if they did not stay in the vault. PSR ¶¶ 14, 16. After the robbery,

while fleeing from the police, the robbers carjacked a citizen; another coconspirator shot the side of the victim's car to force him out. PSR ¶ 17.

Fidalgo went to trial, after which a jury unanimously found him guilty of conspiring to commit bank robbery, in violation of 18 U.S.C. § 371, bank robbery, in violation of 18 U.S.C. § 2113, using a firearm in furtherance of a crime of violence (bank robbery), and two counts of possessing a stolen weapon, in violation of 18 U.S.C. § 922 (j). PSR ¶¶ 2, 3. He was acquitted of using a firearm in furtherance of the carjacking, in violation of 18 U.S.C. § 924(c). *Id.*

The United States Probation Office determined that Fidalgo had a Guidelines range of 210 to 262 months' (about 17 to 21 years') imprisonment for the conspiracy, robbery, and possession convictions, followed by 60 months' (5 years) imprisonment § 924(c) conviction.[1] PSR ¶ 70.

On November 20, 1997, after sitting through trial, the Court sentenced Fidalgo to 60 years' imprisonment, which comprised a sentence of 5 years for conspiring to commit the robbery (the maximum sentence allowed by statute), 25 years for the robbery (the maximum sentence allowed by statute), 5 years for the § 924(c) violation (the mandatory minimum sentence required), 15

---

[1] Fidalgo was not charged with, and therefore did not receive, a ten-year mandatory consecutive sentence for discharging his firearm during the robbery.

3

years for the carjacking (the maximum sentence allowed by statute), and 10 years for the possession of stolen firearms (the maximum sentence allowed by statute). Judgment, p. 2. Aside from the sentences on the two stolen firearm counts, which were run concurrently with each other, all of the sentences were imposed consecutively. *Id.* In its statement of reasons, the Court stated that it had departed *upward* 6 levels, because of the "impact of the 18 U.S.C. § 924(c) conviction on the guidelines range for the bank robbery, combined with the multiple victims and the brutality of the crime." Statement of Reasons, p. 1.

Fidalgo is currently incarcerated at Coleman Medium FCI, is 44 years old, and is projected to be released on February 25, 2048. *See* BOP Inmate Locator at https://www.bop.gov/inmateloc.

Recently, Congress passed the First Step Act of 2018, which amended Section 924(c) to provide that a 25-year consecutive term for a successive 924(c) offense does not apply unless the defendant had a previous final conviction for a 924(c) offense.[2] Congress expressly declined to make the First

---

[2] *See* First Step Act of 2018, Pub. L. 115-391, 132 Stat. 5222, § 403. Based on this amendment, Section 924(c)(1)(C) now provides: "In the case of a violation of this subsection that occurs after a prior conviction under this subsection has become final, the person shall – (i) be sentenced to a term of imprisonment of not less than 25 years." The other provisions of Section 924(c), including those requiring a seven-year mandatory minimum term for brandishing a firearm in relation to a crime of violence, and directing that each sentence under Section 924(c) must run consecutively to any other sentence imposed, remain unchanged.

4

Step Act retroactive. Rather, Congress stated its intent explicitly, providing in Section 403(b) that the section applied to sentences after the date of enactment of the Act—December 21, 2018. 132 Stat. 5222, § 403(b).

On June 25, 2020, Fidalgo filed a motion citing this change and seeking compassionate release. He argued that, although the amendment did not apply directly to him, changes in the statutory landscape made it likely that he would have received a lower sentence if he were sentenced today. Doc. 372, p. 5.[3]

## II.  Legal framework of Fidalgo's compassionate release request

This Court has no inherent authority to modify a sentence. *United States v. Diaz-Clark*, 292 F.3d 1310, 1319 (11th Cir. 2002). After certain prerequisites are met, however, a court may reduce a term of imprisonment upon finding "extraordinary and compelling circumstances," consistent with applicable policy statements of the Sentencing Commission. 18 U.S.C. § 3582(c)(1)(A). As directed by Congress, the Sentencing Commission has delineated the possible qualifying "extraordinary and compelling reasons" for sentence

---

[3] Fidalgo's motion briefly suggests that he would have received a lighter sentence after *United States v. Booker*, 543 U.S. 221 (2005), which held that the Sentencing Guidelines were merely advisory. Doc. 372, p. 1. The Court's *upward* variance and statement of reasons indicate that the Court was not inclined to sentence Fidalgo below the Guidelines range.

reduction. These reasons include (1) terminal illness; (2) a serious medical condition that substantially diminishes the ability of the defendant to provide self-care in prison; or (3) the death of the caregiver of the defendant's minor children. *See* USSG §1B1.13 comment. (n.1).

In *Dillon v. United States*, 560 U.S. 817 (2010), the Supreme Court made clear that § 3582's prerequisites to considering compassionate were mandatory. Even when an extraordinary and compelling reason exists, however, a court should only grant a motion for release if it determines that the defendant is not a danger to the public. USSG §1B1.13(2). And the court must consider whether the 18 U.S.C. § 3553(a) factors weigh in favor of release. *See* 18 U.S.C. § 3582(c)(1)(A); USSG §1B1.13.

### III. Fidalgo has not identified extraordinary and compelling reasons for compassionate release

Fidalgo has not demonstrated any "extraordinary and compelling reasons" that would enable the Court to reduce his sentence here. As explained above, under the relevant provision of section 3582(c), a court can grant a sentence reduction only if it determines that "extraordinary and compelling reasons" justify the reduction and that "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A)(i). The Sentencing Commission's definition of "extraordinary and compelling reasons" does not include

speculation as to whether the length of a previously imposed sentence would be different today, in light of a subsequent, non-applicable, non-retroactive change in the law. *See* USSG §1B1.13, comment n.1(A).

Like the defendant in *United States v. Nasirun*, No. 8:99-CR-367-T-27TBM, 2020 WL 686030, at *1 (M.D. Fla. Feb. 11, 2020), Fidalgo predicates his request for compassionate release on the contention that a sentence reduction is warranted because if sentenced today, he thinks it's likely that he would receive a substantially lower sentence. *Id.* at *1; Doc. 372. The First Step Act does not provide Fidalgo the remedy he seeks. As the court explained in *Nasirun*, "[t]here is no statutory authority for reducing his sentences for the reasons he advances." *Id.* In *Nasirun*, the defendant received four life sentences after being convicted of four counts involving conspiracy, importation, distribution, and possession with intent to distribute five or more kilograms of cocaine. *Id.* at *1. He sought compassionate release on the ground that he would be sentenced to a lesser sentence if he was sentenced today. In denying the defendant's motion, the court found that this ground was not encompassed within the "extraordinary and compelling" circumstances in the policy statement of §1B1.13. *Id.*

The non-retroactive reduction to the statutory minimum sentence for some convictions under 18 U.S.C. § 924(c)(1)(C) in Section 403 of the First

Step Act does not constitute an "extraordinary compelling reason" under 18 U.S.C. § 3582(c)(1)(A), and would not constitute one even if it applied directly to Fidalgo's counts of conviction, which it does not. *See United States v. Saldana*, 2020 WL 1486892 (10th Cir. Mar. 26, 2020) (not precedential) (holding that compassionate release is not available based on a change in sentencing law that would produce a lower sentence today; "neither the § 1B1.13 commentary nor BOP Program Statement 5050.50 identify post-sentencing developments in case law as an 'extraordinary and compelling reason' warranting a sentence reduction"); *United States v. Neubert*, 2020 WL 1285624, at *3 (S.D. Ind. Mar. 17, 2020) ("a reduction under § 3582(c)(1)(A) is not warranted because the disparity between [defendant's] actual sentence and the one he would receive if he committed his crimes today is not an 'extraordinary and compelling circumstance.' Instead, it is what the plain language of § 403 [of the First Step Act] requires."); *United States v. Pitts*, 2020 WL 1676365, at *7 (W.D. Va. Apr. 6, 2020) (refusing to commit an inappropriate "end run" around the non-retroactivity of Section 403 of the First Step Act, that amended 924(c) penalties). This Court should rely on these opinions as persuasive authority that section 403 of the First Step Act does not constitute an extraordinary and compelling reason for compassionate release.

Fidalgo asks the Court to open the door to early release motions from

any prisoner who believes he might be sentenced differently today, even where no change in statute or precedent would require such a result. Holding that such speculation constitutes an "extraordinary and compelling circumstance" is inharmonious with § 3582, and would undermine the finality of sentences, a concept "which is essential to the operation of our criminal justice system. Without finality, the criminal law is deprived of much of its deterrent effect." *Teague v. Lane*, 489 U.S. 288, 309 (1989).

## CONCLUSION

Because Fidalgo has not established any "extraordinary and compelling reasons" that would authorize the Court to reduce his sentence, his motion should be denied.

Respectfully submitted,

MARIA CHAPA LOPEZ
United States Attorney

By: */s/ Natalie Hirt Adams*
Natalie Hirt Adams
Assistant United States Attorney
United States Attorney No. 141
400 N. Tampa St., Ste. 3200
Tampa, FL 33602-4798
Telephone: (813) 274-6000
Facsimile: (813) 274-6358
E-mail: Natalie.adams@usdoj.gov

U.S. v. Fidalgo  Case No. 8:97-cr-4-T-26

# CERTIFICATE OF SERVICE

I hereby certify that on July 1, 2020, a true and correct copy of the foregoing document and the notice of electronic filing were sent by United States Mail to the following non-CM/ECF participant:

Abraham Fidalgo, #21135-018
COLEMAN MEDIUM
FCI Inmate Mail/Parcels
P.O. Box 1032
Coleman, FL 33521

*Pro Se*

By: */s/ Natalie Hirt Adams*
Natalie Hirt Adams
Assistant United States Attorney
United States Attorney No. 141
400 N. Tampa St., Ste. 3200
Tampa, FL 33602-4798
Telephone: (813) 274-6000
Facsimile: (813) 274-6358
E-mail: Natalie.adams@usdoj.gov